Fairfield v. Canaan.

## The inhabitants of FAIRFIELD vs. The inhabitants of CANAAN.

A legitimate child, being a minor, and having a settlement derived from its father at the time of his death, does not follow any new settlement afterwards acquired by the mother.

THIS case, in which the question was upon the settlement of a pauper child, came up by exceptions to the opinion of *Perham J.* who gave judgment for the defendants in the court below.

The father of the pauper had his settlement and died in *King-field*, prior to 1821. At the time of the passage of the settlement act of *March* 21, 1821, the pauper resided and had her home, with her mother, in *Fairfield* ; and by such residence both acquired a new settlement in the latter town, by virtue of a particular provision of that statute. In 1824 the mother married a second husband, who dwelt and had his settlement in *Canaan ;* and whether the child followed the new settlement thus acquired by its mother, was the question. *Perham J.* ruled that she did not ; to which the plaintiffs excepted.

*Boutelle*, for the plaintiffs.

*Sprague*, for the defendants.

WESTON J. delivered the opinion of the Court.

The second mode of gaining a settlement, prescribed by the statute for the relief of the poor, *Stat.* 1821, *ch.* 122, *sec.* 2, is that legitimate children shall follow and have the settlement of their father, if he shall have any within this State, until they gain a settlement of their own, but if he shall have none, they shall in like manner follow and have the settlement of their mother, if she shall have any. Where the father has a settlement in the State, that of the children is derived from him, not from the mother. In the case before us, the father had such settlement. But it is insisted that the father, having deceased, and therefore having no settlement in the State, the

pauper, being a minor, would derive her's from the mother. We however must regard it as the manifest intention of the statute, that children should derive their settlement from the father only, if he had one within the State. No question is or can be made, that his settlement must be theirs in his life time. How long shall it continue? The statute has prescribed, until they gain a settlement of their own. And this is plainly put in contradistinction to derivative settlements. In a doubtful case, the suggestion that this construction might separate minor children from their only surviving parent, would have weight; but the provisions of the statute are too plain to be affected by any argument founded on inconvenience. The policy of the pauper laws generally is, to keep minors and their parents together; but not uniformly. Illegitimate children have the settlement of their mother at the time of their birth, but they derive from her no settlement subsequently acquired.

*Judgment affirmed.*